# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELODY F. ANDERSON**, | Case No. 6:15-cv-01627-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security | |
| Defendant. | |

Karen Stolzberg, 11830 S.W. Kerr Parkway, Suite 315, Lake Oswego, OR 97035. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hébert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Michael Howard, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff moves for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant objects, arguing that her position was substantially justified and thus EAJA fees are not warranted. For the reasons discussed below, the Court grants Plaintiff's motion and awards EAJA fees in the amount of $9,253.27.

## EAJA STANDARD

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569. "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70. The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quotations and citation omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See,*

PAGE 2 – OPINION AND ORDER

*e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A district court's reversal of the ALJ's decision, however, is a strong indication that the government's defense of that decision was not substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision of [this] case was unsupported by substantial evidence is therefore a strong indication that the position of the United States in this matter was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.") (internal quotations omitted).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under the Fees Act as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir. 2012).

## DISCUSSION

Plaintiff seeks attorney's fees in the amount of $9,253.27, which represents 46.2 hours of attorney time and 3.2 hours of paralegal time litigating the merits of Plaintiff's appeal of the ALJ's decision and preparing the fee award application. The Commissioner argues that the Court should decline to award fees because the government's position was substantially justified. The Commissioner states: "The Court should therefore deny Plaintiff's fee petition because the government was substantially justified. Even if the Court disagreed, the Commissioner had a reasonable basis for its defense of the ALJ's decision." ECF 27 at 4.

It appears that the Commissioner is focusing her argument on whether her litigation decision was substantially justified.  Even assuming that is true, the question remains whether the Commissioner's underlying decision on which this case was remanded (the ALJ's rejection of Dr. Carter's opinion) was substantially justified. As the Ninth Circuit has explained:

> The government points out that its *litigation position* was substantially justified because it reasonably argued in the district court that the ALJ's error was harmless under *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). To avoid an award of EAJA fees, however, the government must show that its position was substantially justified at each stage of the proceedings. *See Meier*, 727 F.3d at 872; *Li*, 505 F.3d at 919 ("[W]e have consistently held that regardless of the government's conduct in the federal court proceedings, unreasonable agency action at any level entitles the litigant to EAJA fees."). Because the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified.
>
> The district court concluded that the government's position was substantially justified because, "[w]hile Plaintiff prevailed on the issue of lay witness testimony, the remainder of the ALJ's conclusions were affirmed." This rationale conflicts with our case law, which requires us to award fees when "the Secretary's position *on the . . . issues that led to remand* was not substantially justified." *Flores v. Shalala*, 49 F.3d 562, 564 (9th Cir. 1995) (emphasis added).

PAGE 4 – OPINION AND ORDER

*Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014) (emphasis in original).

In resolving the underlying litigation, the Court found that the ALJ erred in rejecting the opinion of Dr. Carter because the reasons offered by the ALJ were not supported by substantial evidence. These rejected reasons included: (1) finding that Dr. Carter opined outside of her area of expertise when, in fact, much of her opinion was within her area of expertise; (2) rejecting Dr. Carter's opinion as little more than a records review when Dr. Carter had performed more than a records review; (3) rejecting what the ALJ characterized as a records review by Dr. Carter while giving great weight to the state agency medical opinions that were actually based only on a records review, which was inconsistent; and (4) relying on the fact that Plaintiff's counsel had hired Dr. Carter, which the Commissioner conceded during the litigation was not a sufficient reason, standing alone.

The Court finds that these positions taken by the ALJ in rejecting Dr. Carter's opinion were not substantially justified. This is not a "a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874. Accordingly, Plaintiff is entitled to EAJA fees.

The Commissioner does not challenge the reasonableness of Plaintiff's fee request. The Court has considered the request and finds it to be reasonable.

## CONCLUSION

Plaintiff's application for attorney's fees (ECF 26) is GRANTED. Plaintiff is awarded $9,253.27 for attorney's fees under 28 U.S.C. § 2412. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to counsel, if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made

payable to Plaintiff's attorney and mailed to Plaintiff's attorney. If Plaintiff owes a debt subject

to the Treasury Offset Program, then the check for any remaining funds after offset of the debt

shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED**.

DATED this 14th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge